UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROBERT JAMES SWINT,                    )
                                       )
        Plaintiff                      )
                                       )
v.                                     )         2:26-cv-00168-SDN
                                       )
CLATSOP COUNTY JAIL, et al.,           )
                                       )
        Defendants                     )

**RECOMMENDED DECISION
AFTER REVIEW OF COMPLAINT**

Plaintiff, a resident of Oregon, attempts to assert claims against the State of Oregon and other defendants based on events that evidently occurred in Oregon. (Complaint, ECF No. 1.) Following a review of the complaint, I recommend the Court dismiss the matter.

**DISCUSSION**

Issues of subject matter jurisdiction "can be raised sua sponte at any time" because they relate to the fundamental Article III limitations on federal courts. *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005). "A district court may dismiss a complaint sua sponte, regardless of whether or not payment of the filing fee has been received, where the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption." *Baldi v. Mueller*, No. 09-10320-DPW, 2010 WL 1172616, at *3 (D. Mass. Mar. 23, 2010); *see also, Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) ("frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. In

addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted); *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("Contrary to appellant's assertions, a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed.R.Civ.P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction"); *Rutledge v. Skibicki*, 844 F.2d 792 (9th Cir. 1988) ("The district court may sua sponte dismiss a complaint prior to the issuance of a summons if the court clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is wholly insubstantial and frivolous"); *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (suggesting that dismissal for lack of jurisdiction may be warranted for complaints such as "bizarre conspiracy theories," "fantastic government manipulations of their will or mind," or "supernatural intervention").  A court's expeditious sua sponte review is based on the longstanding doctrine that federal subject matter jurisdiction is lacking when the legitimate federal issues are not substantial.  *See Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (jurisdiction is lacking when claims are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," "no longer open to discussion," "essentially fictitious," or "obviously without merit"); *Swan v. United States*, 36 F. App'x 459 (1st Cir. 2002) ("A frivolous constitutional issue does not raise a federal question, however").[1]

---

[1] Although the doctrine has been criticized for conflating jurisdiction over a claim with the merits of that claim,  *see e.g.*, *Rosado v. Wyman*, 397 U.S. 397, 404 (1970) (the maxim is "more ancient than analytically sound"); *Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (regarding "wholly insubstantial and frivolous" claims, "[t]he accuracy of calling these dismissals jurisdictional has been questioned"), the doctrine nevertheless remains good law. *See Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir. 1988) ("Although

Here, Plaintiff's filing lacks any facts that could plausibly support a federal claim. In fact, Plaintiff's theory of recovery is indiscernible. In short, Plaintiff's filing can be reasonably characterized as "so attenuated and unsubstantial as to be absolutely devoid of merit."[2] *Hagans,* 415 U.S. at 536.

The Court previously warned Plaintiff of the consequence of further frivolous or incomprehensible filings. *See Swint v. Samsung*, No. 2:24-cv-00238-JAW, 2024 WL 3653886, at *2 (D. Me. Aug. 5, 2024).[3] Because Plaintiff did not heed the warning, formal filing restrictions would be appropriate.

## CONCLUSION

After a review of Plaintiff's complaint, because Plaintiff's complaint can fairly be characterized as frivolous and devoid of any merit, I recommend the Court dismiss the

---

most of the Court's statements of the principle have been dicta rather than holdings, and the principle has been questioned, it is an established principle of federal jurisdiction and remains the federal rule. It is the basis of a large number of lower-court decisions, and at this late date only the Supreme Court can change it") (internal quotations and citations omitted); *see also*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (approving of the doctrine); *Cruz v. House of Representatives*, 301 F. Supp. 3d 75, 77 (D.D.C. 2018) (applying the concept to dismiss obviously meritless claims).

[2] Plaintiff's filing also presents a venue challenge for Plaintiff. 28 U.S.C. § 1406(a) provides, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Plaintiff has alleged no facts to suggest that the District of Maine is a proper venue in which to litigate whatever grievances he might have with the State of Oregon and the other named defendants. Even if Plaintiff's filing could conceivably be viewed as asserting a cause of action, therefore, dismissal is warranted. *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."). *see also Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005) (unpublished).

[3] In the recommended decision that the Court adopted, in accordance with *Cok v. Fam. Ct. of R.I.*, 985 F.2d 32 (1st Cir. 1993), the Magistrate Judge recommended the Court warn Plaintiff against further groundless filings. *Swint v. Samsung*, No. 2:24-cv-00238-JAW, 2024 WL 3276772, at *1 (D. Me. Jul. 2, 2024). The Magistrate Judge determined that a warning was warranted "[b]ecause [Plaintiff] previously brought an action in this court that was dismissed for being factually frivolous, and because he appears to be a serial litigator across the country (a PACER search of his full name returns almost one hundred matters)." *Id.*

matter.  I further recommend the Court order that Plaintiff shall not file any further pleadings without prior leave of the Court.

## <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which de novo review by the district court sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 7th day of April, 2026.

4